# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 17-CR-2046 LRR |
| vs. | **ORDER** |
| DEJAARON N. CASSELL, | |
| Defendant. | |

_____

## I. INTRODUCTION

This matter is before the Court pursuant to defendant's motion for transfer to state custody pending the disposition of federal charges. (Doc. 22). For the reasons that follow, the Court **denies** defendant's motion for transfer and orders that defendant remain in federal custody pending disposition of this case.

## II. PROCEDURAL AND FACTUAL HISTORY

On July 10, 2017, defendant, Dejaaron N. Cassell, was indicted in the Northern District of Iowa by a federal grand jury. (Doc. 2). At the time of his indictment, defendant was in the custody of the Iowa Department of Corrections and was serving a sentence at the Fort Dodge Correctional Facility. (Doc. 22). On July 10, 2017, this Court granted the United States' application for writ of habeas corpus and ordered the Fort Dodge Correctional Facility to produce defendant so that he could be retained in federal custody until final disposition of the federal charges. (Doc. 4).

On September 7, 2017, defendant pled guilty to Count 1 of the indictment. (Doc. 21). On September 22, 2017, defendant filed the present motion, requesting that he be transferred to state custody pending disposition of this case. (Doc. 22). Defendant asserts

that "if he is maintained in federal custody pending disposition of this federal charge, he [will] not be able to immediately continue his rehabilitative efforts at the [Fort] Dodge Correctional Facility." (*Id.*). Therefore, defendant argues, "it is in his best interest and in the interest of justice" that he be transferred to state custody and returned to federal custody only for periodic appearances before the Court. (*Id.*). Pursuant to this request, defendant waived his right to speedy disposition of his case and his rights under the Interstate Agreement on Detainers. (Doc. 22-1).

On September 22, 2017, the United States filed a resistance to defendant's motion for transfer, citing "the administrative burdens and risks that would arise if defendant is transferred to state custody." (Doc. 23). First, the United States argues that if defendant is transferred, it will have to file a new detainer on defendant to ensure that he is not released from state custody pending disposition of the federal charges. (*Id.*). Second, it contends that the United States Marshals Service will be burdened because it "would be tasked with ferrying defendant to Fort Dodge Correctional Facility . . . some two and a half hours away, and back to federal custody for all of defendant's subsequent hearings." (*Id.*). This would, in turn, require the United States to file additional writs of habeas corpus, and defendant's hearings would require advanced scheduling to ensure that the United States Marshals Service could comply with those writs. (*Id.*). Finally, the United States claims that a transfer to state custody would burden the United States Probation Office because defendant will need to be interviewed in person by the office and "[r]etaining defendant in local federal custody will allow the probation officer to more easily visit defendant and complete the report." (*Id.*).

Defendant's guilty plea was accepted by the Honorable United States District Court Judge Linda R. Reade on September 26, 2017. (Doc. 24).

### *III.   DISCUSSION*

The Court finds that the administrative burdens that would arise if defendant is transferred to the Fort Dodge Correctional Facility outweigh defendant's interest in being returned to state custody. "An inmate has no constitutional right to be transferred to the facility of his choice." *Oleson v. Bureau of Prisons*, No. CIV. 09-5706 NLH, 2012 WL 6697274, at *10 (D.N.J. Dec. 21, 2012) (citing *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The Constitution does not . . . guarantee that the convicted prisoner will be placed in any particular prison . . .")). "[A]n inmate has no justifiable expectation that he will be incarcerated in any particular prison. . . ." *Hazen v. Reagen*, 16 F.3d 921, 926 (8th Cir. 1994) (quoting *Olim v. Wakinekona*, 461 U.S. 238, 244 (1983)).

The United States asserts that transferring defendant to the Fort Dodge Correctional Facility would create significant administrative burdens for itself, the United States Marshals Service, and the United States Probation Office. (Doc. 23). The Court agrees. Transferring defendant to state custody would unnecessarily burden the United States Marshals Service, which would be tasked with transporting defendant to and from the Fort Dodge Correctional Facility for each of defendant's future hearings. In addition, the Court agrees that transfer to state custody would burden the United States by requiring it to file a new detainer and apply for additional writs of habeas corpus. The proposed transfer would also burden the Court itself, which would have to review and file an order on each application for a writ of habeas corpus. Finally, the Court agrees that the United States Probation Office would be burdened because it would be required to travel to the Fort Dodge Correctional Facility to interview defendant or arrange for defendant to be transferred back to federal custody for his presentence investigation interview.

In contrast, defendant will not be substantially burdened if he remains in federal custody. As noted above, defendant does not have the right to be placed in the prison of his choice. He is properly in federal custody pursuant to a writ of habeas corpus issued

by this Court. In addition, the Court notes that Section 903A.5 of the Iowa Code provides that "an inmate may receive credit upon the inmate's sentence while incarcerated in an institution or jail of another jurisdiction during any period of time the person is receiving credit upon a sentence of that other jurisdiction." Although the Court does not purport to indicate that defendant will receive any state credit for the time he spends in federal custody, it should at least be noted that he is not *precluded* from receiving credit by remaining in federal custody.

Under these circumstances, the Court finds that transferring defendant to the Fort Dodge Correctional Facility would create an unnecessary administrative burden, and therefore, defendant's motion is **denied**.

## IV. CONCLUSION

For the reasons set forth above, the Court **denies** defendant's motion to be transferred to state custody. The Court orders that defendant remain in federal custody until the final disposition of this case.

**IT IS SO ORDERED** this 2nd day of October, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa